CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
JUN 2 6 2007
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| BRIAN C. JONES, SR., #360469, ) | |
|     Petitioner, ) | Civil Action No. 7:07cv00106 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| WARDEN CAROL WALLACE, ) | By: Jackson L. Kiser |
|     Respondent. ) | Senior U.S. District Judge |

Petitioner Brian C. Jones, Sr., a Virginia inmate proceeding pro se, has filed this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Jones is challenging the computation of his state criminal sentence. This action is presently before the court on respondent's motion to dismiss. For the reasons set forth below, the court will deny respondent's motion.

## BACKGROUND/FACTS

On March 7, 1996, Jones was convicted in the Circuit Court of the City of Roanoke of grand larceny and two counts of attempting to employ a forged writing as true. On February 26, 1998, he was convicted in the same court of failing to return leased property. On all four charges, Jones pled guilty and pursued no direct appeal. Jones was subsequently sentenced to a total of 52 months imprisonment on the four convictions, with all 52 months suspended. Thereafter, Jones violated the terms of probation and, on November 13, 2000, the Circuit Court of the City of Roanoke revoked the entire 52 months and ordered that he serve it consecutive to all other sentences.

On August 9, 2000, prior to sentencing in state court, Jones was arrested by the federal authorities and taken into federal custody.[1] On January 5, 2001, he entered into a plea agreement

---

[1] It was while Jones was in federal custody that he was sentenced by state authorities to 52 months imprisonment. While Jones was in federal custody, it is uncertain whether state authorities obtained a writ of habeas corpus ad prosequendum, as normally required to "borrow" a defendant from federal custody for sentencing in state court. The docket does not reflect any writ, but it is possible that the writ was obtained but not subsequently docketed.

with the United States in which he pled guilty to possession of a firearm by a convicted felon and the United States "recommend[ed] that 52 months of [Jones's] total sentence run concurrent to the 52 months [he] received from [his] state sentence."[2] On May 4, 2001, I sentenced Jones to a total term of imprisonment of 78 months, with the proviso that "52 months of the sentence shall run concurrent with the defendant's state sentence." Federal authorities subsequently transferred Jones to a federal facility to begin serving his federal sentence.

On September 14, 2001, Jones filed a "Regional Administrative Remedy Appeal" with federal prison authorities, alleging that his placement in a federal facility resulted in a lengthier sentence than he would have served in state custody, and requesting to be transferred to state custody. On October 15, 2001, Jones received a response denying his request for relief. The response states, in pertinent part, "[a] request will have to be received from the state [of Virginia] for you to be considered for a transfer to state custody."

On October 31, 2002, while incarcerated at the United States Penitentiary at Edgefield, South Carolina, Jones filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of South Carolina, which found the petition to raise claims cognizable only under 28 U.S.C. § 2255 and stated that the petition should be adjudicated by the sentencing court. Accordingly, Jones' case was transferred to this court on March 9, 2004. On March 26, 2004, this court ordered that Jones' motion would be considered as a request for relief pursuant to 28 U.S.C. § 2255, but noted that the petition appeared untimely. This court directed Jones to submit argument and evidence to prove some reason why his petition should be deemed

---

[2] Jones' plea agreement specifically contemplated that 52 months of his total federal sentence would run concurrent to the 52-month state sentence. The agreement also included a waiver of right of appeal under 28 U.S.C. § 2255.

2

timely. Jones instead filed a response contending, in reliance on the waiver in his plea agreement, that he was not at liberty to bring a petition under § 2255, and moving to voluntarily dismiss his petition.

On May 25, 2004, while incarcerated at the United States Penitentiary at Lewisburg, Pennsylvania, Jones filed a petition for write of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania. Citing United States v. Addonizio, 442 U.S. 178, 185 (1979), the district court observed that "[a] challenge to a federal criminal defendant's conviction . . . is most appropriately brought as a motion pursuant to 28 U.S.C. § 2255." On August 10, 2004, the court dismissed the petition "without prejudice to Petitioner's right to seek relief from the sentencing court *via* a 28 U.S.C. § 2255 motion." Concerning the merits of the petition, the court stated:

> It is petitioner's contention that there is a conflict between the Sentencing Order imposed by the United States District Court for the Western District of Virginia and a Commonwealth of Virginia sentence which is resulting in a violation of his constitutional rights. Specifically, **the United States District Court Judge for the Western District of Virginia[] intended for the federal sentence to "run concurrent to all other sentences[,]" while the state court sentence, which was imposed prior to the federal sentence[,] was ordered to run consecutive to any federal sentence imposed**. The concern is that he may "serve 4 years and 4 months longer than that envisioned by the federal sentencing court's [sic] and myself, resulting in illegal confinement, as well as cruel and unusual punishment." Respondent states "[w]hile there is an obvious conflict in the intent of the two sentencing jurisdictions, the BOP does not have the authority to commence Jones' Virginia state sentence and cause it to run concurrently with the federal sentence. Therefore, the BOP cannot provide the relief Jones seeks." Petitioner responds that "it is not the BOP computation of my sentence that I am challenging. It is the status of my concurrent sentence, a federal judge's order, a plea agreement (a contract that's binding by law) in which I surrendered my rights too [sic], only to end-up serving the exact opposite, wrapped in red tape, all in violation of the Judge's order and my rights." There is no indication that Petitioner has filed a 28 U.S.C. § 2255 motion in the sentencing court. The petition will therefore be dismissed without prejudice to [allow] the Petitioner to pursue his relief in the proper forum.

3

(Emphasis added; internal citations omitted.)

In this court, on August 25, 2005, Jones filed a motion, styled as a "Memorandum of Law," in which he alleged that his sentence had not been properly executed and requested that this court grant an emergency hearing and reduce or modify the terms of his incarceration. Jones, again relying on the waiver in his plea agreement, specifically requested that his motion not be construed as a collateral attack under 28 U.S.C. § 2255. Accordingly, I considered his motion only as a motion filed in his criminal case, construing it as a Motion to Set Aside or Reduce Sentence, which I denied for lack of jurisdiction. My order stated, in pertinent part, that "Title 18, § 3582(c) expressly states '[t]he court may not modify a term of imprisonment once it has been imposed except' upon a motion by the Bureau of Prisons or the government or other circumstances not present in Jones's case." I also observed that, under Fed. R. Crim. Pro. 35, a court can correct or reduce sentence only within seven days from the entry of the judgment, upon motion by the government, or upon remand from the court of appeals. Therefore, I found no basis upon which I had jurisdiction to reduce Jones' sentence.

On July 14, 2006, after completing his federal sentence of 78 months, Jones was released to the custody of Virginia to serve his 52-month state sentence. On September 5, 2006, he filed a petition in this court pursuant to 28 U.S.C. § 2255, raising four claims.[3] Because Jones was no longer in federal custody and, therefore, could not bring a § 2255 motion, I construed his petition as one brought under 28 U.S.C. § 2254, challenging the execution of his state sentence. On September

---

[3] The four claims were: (i) his release "to a Virginia state detainer to serve 52 months in prison" violated the federal plea agreement, as well as the federal court's order; (ii) illegal confinement by the Commonwealth of Virginia; (iii) his counsel was ineffective in failing to respond to Jones's repeated requests for "help in any post-conviction relief;" (iv) the prison conditions in which he was being held constituted cruel and unusual punishment.

4

22, 2006, however, I summarily dismissed his claims as unexhausted.

On October 23, 2006, Jones filed a petition for writ of habeas corpus in the Supreme Court of Virginia, raising the following five claims:

> A. Jones' state confinement is illegal because it is in conflict with the federal plea agreement and federal sentencing order of May 4, 2001.
>
> B. Jones' state sentence is improper because he was sentenced while in federal custody, and state authorities did not obtain a writ of habeas corpus <u>ad prosequendum</u> in order to assert jurisdiction over him for sentencing.[4]
>
> C. Jones' trial counsel was ineffective in failing to respond to Jones' repeated requests for help in obtaining any post-conviction relief.
>
> D. Jones' state confinement is in violation of a federal court order.
>
> E. The prison conditions in which Jones is being held constitute cruel and unusual punishment so as to violate Jones' constitutional rights.

On February 1, 2007, the court denied the petition as untimely.

Jones then filed the instant § 2254 petition on March 6, 2007, raising the identical claims as in the Supreme Court of Virginia. Respondent moved to dismiss Jones' petition on April 17, 2007, arguing that Jones' claims are untimely and are procedurally barred. Jones responded on May 11, 2007, and, therefore, the petition is ripe for review. In his response to respondent's motion to dismiss, Jones moved to voluntarily dismiss claims (C), (D), and (E). That motion will be granted and only claims (A) and (B) will be considered.

## **DISCUSSION**

Respondent contends that Jones' claims are untimely filed and therefore barred by the statute of limitations. Equitable tolling of the statute of limitations is possible under 28 U.S.C. § 2244(d),

---

[4] Jones articulated five distinct claims, but grouped (A) and (B) together as one. They are broken out here into separate claims in the interest of clarity.

5

Case 7:07-cv-00106-JLK-mfu   Document 8   Filed 06/26/07   Page 5 of 8   Pageid#: 140

but is available only in "those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)(en banc), cert. denied, 541 U.S. 905 (2004). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner, such as Jones, must present "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Id. Jones began challenging the execution of his sentence on September 14, 2001, when he requested that the Bureau of Prisons transfer him to state custody. Since then, Jones has brought petitions in three separate United States District Courts, each instructing him to file another type of petition, one pursuant to § 2255, that he reasonably believed he was not at liberty to bring, lest he breach the waiver provision of his plea agreement.

Furthermore, I specifically contemplated in imposing Jones' sentence that 52 months of his federal sentence was to run concurrent with his 52-month state sentence and explicitly stated such in the final judgment. Jones also specifically contemplated that his two sentences were to run concurrently in considering and entering into his plea agreement on January 5, 2001. Jones' continued incarceration is directly in conflict with both the letter and the spirit of the judgment I entered on May 4, 2001. I find that this is a rare instances where–due to circumstances external to the Jones' own conduct–it would be unconscionable to enforce the limitation period against him and gross injustice would result

Jones must also demonstrate that he exercised "reasonable diligence in investigating and bringing [the] claims." Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 617 (3d Cir. 1998). Jones began challenging his sentence in the above request on September 14, 2001, and has

6

since brought four federal habeas petitions, a state habeas petition, and filed a Motion to Set Aside or Reduce Sentence with this court. I find that Jones exercised more than a reasonable amount of diligence in investigating and bringing his claims.

Respondent also contends that Jones' claims are procedurally barred pursuant to an independent and adequate state ground–that of the Virginia statute of limitations. In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law. Coleman v. Thompson, 501 U.S. 722, 749-50 (1991). In general, "cause" refers to some objective factor external to the defense that impeded Jones' efforts to comply with the State's procedural rule. See Strickler v. Greene, 527 U.S. 263, 283 n.24 (1999). As Jones demonstrated extraordinary objective factors external to his control sufficient to equitably toll the federal statute of limitations, the same factors as above constitute cause to excuse procedural default based upon the Virginia statute of limitations.

In order to show prejudice, Jones must demonstrate an error and actual disadvantage from that error. Satcher v. Pruitt 126 F.3d 561, 572 (4th Cir. 1997). The error exists in that Jones remains in custody after serving the entirety of his federal sentence, which was imposed with the proviso that 52 months of it would run concurrent to his state sentence. Despite repeated attempts by Jones to remedy the inconsistency in his state and federal sentences, he now finds his claims procedurally defaulted and at the actual disadvantage of serving 52 months more than was contemplated at the time he entered into a plea agreement with the United States Attorney, and than was intended to be imposed. Accordingly, I find that Jones has demonstrated both cause and prejudice sufficient to

7

Case 7:07-cv-00106-JLK-mfu   Document 8   Filed 06/26/07   Page 7 of 8   Pageid#: 142

overcome the procedural default of his claims.

## CONCLUSION

For the reasons stated, the court will deny respondent's motion to dismiss.

The Clerk is directed to send a certified copy of this Memorandum and Opinion and the accompanying Order to the petitioner.

ENTER: This 26th day of June, 2007.

/s/ Jackson L. Kiser
Senior U.S. District Judge