CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for
RAS
AUG 0 6 2007
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BRIAN C. JONES, SR., #360469,<br>Petitioner, | )<br>)<br>) Civil Action No. 7:07cv00106<br>) |
| v. | ) **MEMORANDUM OPINION**<br>) |
| WARDEN CAROL WALLACE,<br>Respondent. | ) By: Jackson L. Kiser<br>) Senior U.S. District Judge |

Petitioner Brian C. Jones, Sr., a Virginia inmate proceeding pro se, has filed this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Jones is challenging the computation of his state criminal sentence. This action is presently before the court on respondent's second motion to dismiss. For the reasons set forth below, the court will grant respondent's motion.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 7, 1996, Jones was convicted in the Circuit Court of the City of Roanoke of grand larceny and two counts of attempting to employ a forged writing as true. On February 26, 1998, he was convicted in the same court of failing to return leased property. On all four charges, Jones pled guilty and pursued no direct appeal. Jones was subsequently sentenced to a total of 52 months imprisonment on the four convictions, with all 52 months suspended. Thereafter, Jones violated the terms of his probation and, on November 13, 2000, the Circuit Court of the City of Roanoke revoked the entire 52 months and ordered that he serve it consecutive to all other sentences.

On August 9, 2000, prior to sentencing in state court, Jones was arrested by the federal authorities and taken into federal custody.[1] On January 5, 2001, he entered into a plea agreement

---

[1] It was while Jones was in federal custody that he was sentenced by state authorities to 52 months imprisonment. While Jones was in federal custody, it is uncertain whether state authorities obtained a writ of habeas corpus ad prosequendum, as is typical to "borrow" a defendant from federal custody for sentencing in state court. The docket does not reflect any writ, but it is possible that the writ was obtained but not subsequently docketed.

with the United States in which he pled guilty to possession of a firearm by a convicted felon and the United States "recommend[ed] that 52 months of [Jones's] total sentence run concurrent to the 52 months [he] received from [his] state sentence."[2] On March 9, 2001, prior to Jones' sentencing in this court the VDOC indicated in a memorandum to the Criminal Clerk of the United States Marshals Service that Jones' state sentence was to run consecutively to any term later imposed by this court.

On May 4, 2001, I sentenced Jones to a total term of imprisonment of 78 months, with the proviso that "52 months of the sentence shall run concurrent with the defendant's state sentence." I remanded Jones to the custody of the United States Marshal Service and recommended that he commence serving his sentence at a federal prison. Federal authorities subsequently transferred Jones to a federal facility to begin serving his federal sentence.

On September 14, 2001, Jones filed a "Regional Administrative Remedy Appeal" with federal prison authorities, alleging that his placement in a federal facility resulted in a lengthier sentence than he would have served in state custody, and requesting to be transferred to state custody. On October 15, 2001, Jones received a response denying his request for relief. The response stated, in pertinent part, "[a] request will have to be received from the state [of Virginia] for you to be considered for a transfer to state custody."

On November 21, 2001, the Office of the Director of the Virginia Department of Corrections ("VDOC") received a letter from Jones asking the VDOC to make such a request of the Federal Bureau of Prisons. The Prisoner Extradition Coordinator of the VDOC responded to Jones on

---

[2] Jones' plea agreement specifically contemplated that 52 months of his total federal sentence would run concurrent to the 52-month state sentence. The agreement also included a waiver of right of appeal and of collateral attack under 28 U.S.C. § 2255.

2

November 28, 2001, stating, in pertinent part, that Jones' state sentence

> was expressly ordered to run consecutively with all other sentences. This means you are to begin serving your Virginia sentence at the completion of the term you are currently serving. The purpose of the detainer is to ensure your service of the sentence as the court intended. The federal term of imprisonment has no effect on the way the Virginia sentence is carried out. . . .
>
> This Department can not arrange for your entry into our custody at this time without a request from the Federal Bureau of Prisons.

On October 31, 2002, while incarcerated at the United States Penitentiary at Edgefield, South Carolina, Jones filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of South Carolina. The court found that his petition raised claims cognizable only under 28 U.S.C. § 2255 and stated that the petition should be adjudicated by the sentencing court. Accordingly, Jones' case was transferred to this court on March 9, 2004. On March 26, 2004, this court ordered that Jones' motion would be considered as a request for relief pursuant to 28 U.S.C. § 2255, but noted that the petition appeared untimely. This court directed Jones to submit argument and evidence to prove some reason why his petition should be deemed timely. Jones instead filed a response contending, in reliance on the waiver in his plea agreement, that he was not at liberty to bring a petition under § 2255, and moving to voluntarily dismiss his petition. This court granted his motion to voluntarily dismiss.

On May 25, 2004, while incarcerated at the United States Penitentiary at Lewisburg, Pennsylvania, Jones filed another petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania. Citing United States v. Addonizio, 442 U.S. 178, 185 (1979), the district court observed that "[a] challenge to a federal criminal defendant's conviction . . . is most appropriately brought as a motion pursuant to 28 U.S.C.

3

§ 2255." On August 10, 2004, the court dismissed the petition "without prejudice to Petitioner's right to seek relief from the sentencing court *via* a 28 U.S.C. § 2255 motion." Concerning the merits of the petition, the court stated:

> It is petitioner's contention that there is a conflict between the Sentencing Order imposed by the United States District Court for the Western District of Virginia and a Commonwealth of Virginia sentence which is resulting in a violation of his constitutional rights. Specifically, **the United States District Court Judge for the Western District of Virginia[] intended for the federal sentence to "run concurrent to all other sentences[,]" while the state court sentence, which was imposed prior to the federal sentence[,] was ordered to run consecutive to any federal sentence imposed**. The concern is that he may "serve 4 years and 4 months longer than that envisioned by the federal sentencing court's [sic] and myself, resulting in illegal confinement, as well as cruel and unusual punishment." Respondent states "[w]hile there is an obvious conflict in the intent of the two sentencing jurisdictions, the BOP does not have the authority to commence Jones' Virginia state sentence and cause it to run concurrently with the federal sentence. Therefore, the BOP cannot provide the relief Jones seeks." Petitioner responds that "it is not the BOP computation of my sentence that I am challenging. It is the status of my concurrent sentence, a federal judge's order, a plea agreement (a contract that's binding by law) in which I surrendered my rights too [sic], only to end-up serving the exact opposite, wrapped in red tape, all in violation of the Judge's order and my rights." There is no indication that Petitioner has filed a 28 U.S.C. § 2255 motion in the sentencing court. The petition will therefore be dismissed without prejudice to [allow] the Petitioner to pursue his relief in the proper forum.

(Emphasis added; internal citations omitted.)

In this court, on August 25, 2005, Jones filed a motion, styled as a "Memorandum of Law," in which he alleged that his sentence had not been properly executed and requested that this court grant an emergency hearing and reduce or modify the terms of his incarceration. Jones, again relying on the waiver in his plea agreement, specifically requested that his motion not be construed as a collateral attack under 28 U.S.C. § 2255. Accordingly, I considered his motion only as a motion filed in his criminal case, construing it as a Motion to Set Aside or Reduce Sentence, which I denied for lack of jurisdiction. My order stated, in pertinent part, that "Title 18, § 3582(c) expressly states

4

'[t]he court may not modify a term of imprisonment once it has been imposed except' upon a motion by the Bureau of Prisons or the government or other circumstances not present in Jones's case." I also observed that, under Fed. R. Crim. Pro. 35, a court can correct or reduce sentence only within seven days from the entry of the judgment, upon motion by the government, or upon remand from the court of appeals. Therefore, I found no basis upon which I had jurisdiction to reduce Jones' sentence.

On July 14, 2006, after completing his federal sentence of 78 months, Jones was released to the custody of Virginia to serve his 52-month state sentence. On September 5, 2006, he filed a petition in this court pursuant to 28 U.S.C. § 2255, raising four claims.[3] Because Jones was no longer in federal custody and, therefore, could not bring a § 2255 motion, I construed his petition as one brought under 28 U.S.C. § 2254, challenging the execution of his state sentence. On September 22, 2006, however, I summarily dismissed his claims as unexhausted in the state courts.

On October 23, 2006, Jones filed a petition for writ of habeas corpus in the Supreme Court of Virginia, raising the following five claims:

A.  Jones' state confinement is illegal because it is in conflict with the federal plea agreement and federal sentencing order of May 4, 2001.

B.  Jones' state sentence is improper because he was sentenced while in federal custody, and state authorities did not obtain a writ of habeas corpus <u>ad prosequendum</u> in order to assert jurisdiction over him for sentencing.[4]

---

[3] The four claims were: (i) his release "to a Virginia state detainer to serve 52 months in prison" violated the federal plea agreement, as well as the federal court's order; (ii) his confinement by the Commonwealth of Virginia was illegal; (iii) his counsel was ineffective in failing to respond to Jones's repeated requests for "help in any post-conviction relief"; (iv) the prison conditions in which he was being held constituted cruel and unusual punishment.

[4] Jones articulated five distinct claims, but grouped (A) and (B) together as one. They are broken out here into separate claims in the interest of clarity.

5

C.  Jones' trial counsel was ineffective in failing to respond to Jones' repeated requests for help in obtaining any post-conviction relief.

D.  Jones' state confinement is in violation of a federal court order.

E.  The prison conditions in which Jones is being held constitute cruel and unusual punishment so as to violate Jones' constitutional rights.

On February 1, 2007, the court denied the petition as untimely.

Jones then filed the instant § 2254 petition on March 6, 2007, raising the identical claims as in the Supreme Court of Virginia. Respondent moved to dismiss Jones' petition on April 17, 2007, arguing that Jones' claims were untimely and procedurally barred. On June 26, 2007, I found that equitable tolling applied so as to render Jones' claims timely, and found sufficient cause and prejudice to exist to excuse Jones' procedural default. Furthermore, I granted Jones' motion for voluntary dismissal of claims (C), (D), and (E), and ordered respondent to respond to claims (A) and (B) on the merits. Respondent filed a second motion to dismiss on July 17, 2007, arguing that Jones is legally in custody pursuant to a lawfully imposed Virginia sentence and that the principle of dual sovereignty mandates that "one state cannot compel another state to recognize and accept a concurrent sentence." Jones responded on July 26, 2007, and the petition is once more ripe for review.

## ANALYSIS

The principle of dual sovereignty holds that separate jurisdictions, whether state or federal, cannot control the manner in which another jurisdiction administers its criminal justice system. Piercy v. Black, 801 F.2d 1075, 1078 (8th Cir. 1986). In United States v. Sackinger, 704 F.2d 29, 32 (2d Cir. 1983), the United States Court of Appeals for the Second Circuit held that, under the dual sovereignty principle, a defendant could not, by agreement with state authorities, compel the federal

6

government to grant a concurrent sentence. The court stated, "we reject any implication that the federal court is obligated to comply with terms of a plea agreement entered into between the defendant and state authorities." Id. Under the rationale behind the principle of dual sovereignty, the converse must also be true; that a state court is not obligated to comply with terms of a plea agreement entered into between the defendant and federal authorities.

On November 13, 2000, when the Circuit Court for the City of Roanoke revoked a portion of Jones' previously suspended sentence, the court specifically ordered that the sentence imposed in each order be served consecutive to all other sentences. Prior to Jones' sentencing in this court on May 4, 2001, the VDOC indicated in a memorandum that Jones' state sentence was to run consecutively to any term later imposed by this court. After I sentenced Jones, the VDOC again had opportunity to reconsider Jones' sentence on November 21, 2001, upon receipt of Jones' letter. The VDOC refused to make an official request to the Federal Bureau of Prisons to have Jones transferred to state custody in order to begin serving his state sentence. The Commonwealth of Virginia has repeatedly expressed its intention to run Jones' sentence consecutive to any federal sentence imposed upon him, and the Commonwealth is under no obligation to comply with terms of the plea agreement entered into between Jones and federal authorities. Accordingly, Jones' claim (A) must be dismissed.

As for claim (B), generally, state law-based jurisdictional issues are not cognizable on federal habeas review. See Wright v. Angelone, 151 F.3d 151, 157-58 (4th Cir. 1998). A federal court may issue a writ of habeas corpus to a state prisoner only if the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Jones cites no authority which indicates that, when the federal authorities willingly turn over a prisoner to state authorities

7

for sentencing in state court, the lack of a writ of habeas corpus <u>ad</u> <u>prosequendum</u> voids the state-imposed sentence. In fact, even in the extreme circumstance where jurisdiction is taken over a criminal defendant by way of forcible abduction, the court's power to try that defendant is not impaired. <u>See</u> <u>United States v. Wilson</u>, 721 F.2d 967, 972 (4th Cir. 1983) (citing <u>Frisbie v. Collins</u>, 342 U.S. 519, 522 (1952); <u>Ker v. Illinois</u>, 119 U.S. 436, 444 (1886)). It cannot be shown that the Commonwealth of Virginia improperly asserted jurisdiction over Jones in sentencing him on November 13, 2000. As such, Jones' state sentence was lawfully imposed and Jones remains in legal custody. Jones is not in custody in violation of the Constitution or laws or treaties of the United States and, therefore, claim (B) must be dismissed.

## CONCLUSION

For the reasons stated, the court will grant respondent's motion to dismiss.

The Clerk is directed to send a certified copy of this Memorandum and Opinion and the accompanying Order to the petitioner.

**ENTER**: This 6th day of August, 2007.

*/s/ Jackson L. Kiser*
Senior U.S. District Judge